NOT FOR PUBLICATION
## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JULIO CASTRILLON, | : | |
| Petitioner, | : | Crim. No. 99-209 |
| v. | : | **OPINION and ORDER** |
| UNITED STATES, | : | Date: April 8, 2008 |
| Respondents. | : | |

### HOCHBERG, District Judge

This matter is before the Court upon Julio Castrillon's motion to reduce his sentence (DKT#103) based upon conditions in Passaic County Jail.[1] Castrillon was detained at Passaic for an unspecified period of time, sometime between February 1999 and May 2000. On July 28, 1999 Castrillon pleaded guilty to distribution and possession with intent to distribute more than 100 grams of heroin. On May 24, 1999 Judge Lifland sentenced Castrillon to 136 months of imprisonment. On March 19, 2001 the Third Circuit affirmed the judgment on direct appeal. On September 9, 2002, the court received Castrillon's habeas petition filed pursuant to 28 U.S.C. § 2255, which Judge Lifland dismissed as untimely on April 19, 2004. Castrillon's current motion is based on <u>United States v. Sutton</u>, No. 07-426, 2007 WL 3170128 (D.N.J. Oct. 25, 2007), in which Judge Hayden granted the defendant a variance below the sentencing guideline range based on conditions in Passaic County Jail.

---

[1] The government's response to Castrillon's motion was styled a "Motion to Dismiss for Lack of Jurisdiction Petitioner's Pro-Se Motion for a Variance." (DKT#105) The Court has construed and considered the government's submission as filed in opposition to Petitioner's motion, rather than as an independent motion.

Pursuant to 18 U.S.C. § 3582(c), this Court "may not modify a term of imprisonment once it has been imposed" unless one of three situations is presented. First, the Court may reduce a term of imprisonment where the Director of the Bureau of Prisons brings an appropriate motion. 18 U.S.C. § 3582(c)(1)(A). The Court has no such motion before it.

Second, the Court may modify a term of imprisonment if such modification is expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c)(1)(B). Federal courts have noted that the only statutes that would expressly permit modification of an imposed sentence are 18 U.S.C. § 2255 (collateral attack on sentence) and 18 U.S.C. § 2106 (remand from a Court of Appeals or the Supreme Court). See United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001) ("Only two other statutory exceptions modify the general rule expressed in 18 U.S.C. § 3582 that a district court may not modify a term of imprisonment once the same has been imposed. Upon the issuance of relief under 28 U.S.C. § 2255, a resentencing may occur. Similarly, under 28 U.S.C. § 2106, upon remand from a Court of Appeals or the Supreme Court to the district court, a resentencing is authorized by law."); United States v. Garcia, No. 04-cr-29-7, 2005 WL 1250216, *2 (S.D.N.Y. May 26, 2005) (same); see also United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002). Judge Lifland previously considered and dismissed Petitioner's § 2255 motion as untimely. Because this matter is not before the Court on remand from the Third Circuit or the Supreme Court, 18 U.S.C. § 2106 is inapplicable. Finally, a modification of Petitioner's sentence is not expressly permitted by Rule 35 because the deadline for sentence correction under Rule 35(a) has passed, and Rule 35(b) permits sentence correction only upon government motion.

Third, where a defendant has been sentenced based upon a sentencing range that was subsequently lowered by the Sentencing Commission, the Court may reduce the sentence.

18 U.S.C. § 3582(c)(2).  Castrillon does not seek a reduction based on any change in the Sentencing Guidelines.

Accordingly, this Court has no jurisdiction to entertain Castrillon's motion to reduce his sentence.

## **ORDER**

**ACCORDINGLY IT IS** on this 8th day of April, 2008,

**ORDERED** that because this Court lacks jurisdiction to modify Petitioner's sentence, Petitioner's motion to reduce his sentence (DKT#103) is **DENIED**; and it is further

**ORDERED** that the government's opposition papers, filed as a motion to dismiss Petitioner's motion (DKT#105), is **DENIED** as moot; and it is further

**ORDERED** that this case is **CLOSED**.

/s/ Faith S. Hochberg  
**HON. FAITH S. HOCHBERG, U.S.D.J**