**NOT FOR PUBLICATION**                                              **CLOSED**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JULIO CASTRILLON, | : |
| Petitioner, | : Crim. No. 99-209 |
| v. | : **OPINION and ORDER** |
| UNITED STATES, | : Date: April 28, 2008 |
| Respondents. | : |

**HOCHBERG, District Judge**

      This matter coming before the Court upon Petitioner Castrillon's April 16, 2008 motion for a downward variance; and

      it appearing that Petitioner's April 16, 2008 motion is substantially similar to Petitioner's February 27, 2008 motion for a downward variance, but that the instant motion contains a correction regarding the dates of Petitioner's incarceration at Passaic County Jail; and

      it appearing that the Court denied Petitioner's February 27, 2008 motion on April 10, 2008; and

      it appearing that pursuant to Local Rule 7.1(I), motions for reconsideration "shall be served and filed within 10 business days after the entry of the order or judgment on the original motion . . . ."; and

      it appearing that Petitioner's 10-day period to file a motion for reconsideration of the first motion expired on April 20, 2008 and Petitioner has not filed another motion explicitly styled a motion for reconsideration; and

it appearing, therefore, that the Court will construe pro se Petitioner's instant motion as a motion for reconsideration based on the factual correction included therein; and

it appearing that the purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence," Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see also, Shoenfeld Asset Mgt. v. Cendent Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), Yurecko v. Port Authority Trans-Hudson, 2003 WL 22001196, at * 2 (D.N.J. Aug. 18, 2003); and

it appearing that the Rule requires that the moving party set forth "concisely the matters or controlling decision which counsel believes the [Court] has overlooked," G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990); and

it appearing that "a party seeking reconsideration must show more than a disagreement with the Court's decision," G-69 v. Degnan, 748 F. Supp. at 275; and

it appearing that "a mere 'recapitulation of the cases and arguments considered by the court before rendering its original decision'" does not warrant reargument, Elizabethtown Water Co. v. Hartford Casualty Ins. Co., 18 F. Supp. 2d 464, 466 (D.N.J. 1998) (quoting Carteret Savings Bank F.A. v. Shushan, 721 F. Supp. 705, 709 (D.N.J. 1989)); and

it appearing that a court may grant a properly filed motion for reconsideration for one of three reasons: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice, Database America v. Bellsouth Advertising & Publ'g., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991)); and

it appearing that a motion for reconsideration is improper when it is used "to ask the Court to rethink what it had already thought through -- rightly or wrongly," Ciba-Geigy Corp. v. Alza Corp., 1993 WL 90412, *1 (D.N.J. March 25, 1993); Oritani Sav. & Loan v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993); and

it appearing that because reconsideration of a judgment after its entry is an extraordinary remedy, motions to reconsider or reargue are granted "very sparingly," Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986); and

it appearing that disagreement with the Court's initial decision as the basis for bringing a motion "should be handled within the normal appellate process, not on a motion for reargument," Florham Park Chevron, Inc. v. Chevron U.S.A.,Inc., 680 F. Supp. 159, 163 (D.N.J. 1988); and

it appearing that the correction contained in Petitioner's motion for reconsideration – specifically, that Petitioner was incarcerated in Passaic County Jail from "February 24, 1999 to around April 2000" – does not alter the Court's analysis as set forth in the Court's April 10, 2008 Order and Opinion;

**IT IS** on this 28th day of April, 2008,

**ORDERED** that Petitioner's Motion for Reconsideration is **DENIED**.

        **/s/ Faith S. Hochberg**
        Hon. Faith S. Hochberg, U.S.D.J.